IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

UNITED STATES OF AMERICA,
              Appellee

v.                                    Case No.:  11-1808
                                      (related cases: 06-1902 and
RICHARD HATCH,                                    11-1278)
              Petitioner-Appellant

REQUEST FOR RECONSIDERATION

PETITIONER respectfully requests the United States Court of Appeals for the First Circuit reconsider its judgment in the instant case entered August 30, 2011.

A conclusion that the district court's resolution of Hatch's 28 U.S.C. Section 2255 motion was neither debatable nor wrong stands in direct contradiction of the Court of Appeals' own ruling in Hatch's direct appeal (06-1902). The district court has clearly erred in assuming Hatch counsel's ineffectiveness was due in any part to reasonable strategic choice. Hatch's counsel has never claimed his choices were strategic, and in fact, he unsuccessfully argued before this Court of Appeals

(06-1902) that he was prevented by the district court from introducing Hatch's only defense. That Court of Appeals panel included Judges Boudin, Howard and Campbell, two of whom comprise this instant panel whose ruling is in direct contradiction of their earlier finding; and that earlier ruling in Hatch's direct appeal made clear in no uncertain terms that Hatch's counsel had been inexcusably ineffective, a point even prosecutors have conceded in the government's brief in a related case (11-1278) writing, "[Hatch's trial] defense was vague and at times incoherent."

Furthermore, the instant judgment cites Slack v. McDaniel, 592 U.S. 473, 484 (2000), which case is unrelated in substance or content to the instant case. Contrary to the circumstances cited in Slack, Hatch has always asserted his innocence, and all observational evidence (including all new evidence arising

— 2 —

since Hatch's 2006 trial) supports this Petitioner's assertions. Also contrary to Slack, Hatch's petition is his first, not second or successive, and all Hatch's filings have been timely. Hatch's is not a mixed petition, and it is at the very least debatable, if not undeniable in light of current evidence, that Hatch's petition stated solid claims of the denial of his constitutional rights, including Ineffective Assistance of Counsel, Freestanding Actual Innocence, Sentencing Errors, and wrongful application of Obstruction of Justice when every word of Hatch's testimony was honest.

Hatch's 28 U.S.C. Section 2255 motion is made in good faith, the violations of his constitutional rights are egregious, and the grounds cited in Hatch's petition are valid. Justice in this case was sacrificed in a rush to judgment, and as is evident in recent district court rulings against

— 3 —

all observational evidence, justice is still being smothered beneath prosecutors' heavy blanket of obfuscation and dissembling. In 2002, Hatch filed tax returns using numbers he was directed by the IRS to use and which numbers he believed to be accurate, and IRS experts have spent all these years since (with Hatch's full cooperation all along) unsuccessfully attempting to reconcile Hatch's unique circumstances with their cumbersome code and with international law. It is not possible for Hatch (a layman who, all his life, has filed accurate tax returns and has timely paid all taxes ever owed) to have attempted to evade taxes in 2002 that, in 2011, have still never been determined to be owed.

Hatch respectfully requests this Court please reconsider its judgment and both appoint Hatch counsel and grant Petitioner's application for a certificate of appealability.

DATED: Sep. 2, 2011

— 4 —

RICHARD HATCH, pro se

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2011, I mailed this REQUEST FOR RECONSIDERATION to the UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT.

DATED: September 2, 2011

RICHARD HATCH, pro se Appellant